UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD J. TRUMP,

      *Plaintiff/Counter-Defendant,*      **CASE NO.: 8:07-CV-00910-T-27TB**

v.

SIMDAG/ROBEL, LLC, a Florida limited
liability company, FRANK DAGOSTINO,
ROBERT LYONS and JODY SIMON

      *Defendants/Counter-Plaintiffs*

        and

HOWARD HOWELL and PATRICK
SHEPPARD,

      *Defendants.*

_____/

**DEFENDANTS', SIMDAG/ROBEL, L.L.C.
AND FRANK DAGOSTINO, ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
AND DEFENDANT, SIMDAG/ROBEL, LLC'S, COUNTERCLAIM**

Defendant/Counter-Plaintiff, SIMDAG/ROBEL. LLC and Defendant, FRANK

DAGOSTINO (collectively "Defendants"), by and through their undersigned counsel, file their

Answer and Affirmative Defenses to the Plaintiff/Counter-Defendant, DONALD J. TRUMP's

("Trump" or "Plaintiff"), Complaint, and state as follows:

    1.      Admitted for jurisdictional purposes only.

    2.      Defendants are without sufficient information or knowledge to admit or deny

Plaintiff's citizenship. Admitted for jurisdictional purposes that Defendant, SimDag/Robel, LLC

("SimDag"), is a limited liability company organized and existing under the laws of the State of Florida and Defendant, Frank Dagostino ("Dagostino"), is a citizen of the Sate of Florida.

3.      Admitted for jurisdictional purposes only.

4.      Admitted for venue purposes only.

5.      The document speaks for itself.

6.      The document speaks for itself.

7.      The document speaks for itself.

8.      Admitted that Simdag intended to use the subject mark to promote and sell luxury condominiums in a building in Hillsborough County.  Denied that Trump relied on SimDag to undertake and maintain sole and exclusive responsibility for all actions related to the construction of the building, including items a through i.  The document speaks for itself concerning SimDag's obligations and responsibilities.

9.      The documents speak for themselves.

10.     Denied.

11.     Defendant is without sufficient information or knowledge to admit or deny the allegation.

## COUNT I – BREACH OF CONTRACT

12.     Defendant, SimDag, hereby re-alleges and re-states paragraphs 1 through 11 as if fully set forth herein.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Denied.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FORT LAUDERDALE, FL  33312-6525
TELEPHONE (954) 987-7550

17.     Denied.

18.     Denied.

19.     The letter speaks for itself.

20.     Denied.

21.     The letter speaks for itself.

22.     Denied.

23.     Defendant, SimDag, is without sufficient information or knowledge to admit or deny the allegation concerning Trump's hiring and paying an attorney.  Denied that SimDag is responsible for Trump's attorneys' fees.

WHEREFORE, Defendant/Counter-Plaintiff, SimDag, respectfully requests that this Court enter judgment in its favor and against Plaintiff/Counter-Defendant, Trump, for breach of contract, pre-judgment and post-judgment interest and attorneys' fees and costs, and award SimDag such other and further relief as this Court deems just and proper.

## COUNT II — ACTION ON GUARANTY

24.     Defendant, Dagostino, hereby re-alleges and re-states paragraphs 1 through 11 as if fully set forth herein.

25.     The document speaks for itself.

26.     Denied.

27.     Denied.

28.     Defendant, Dagostino, is without sufficient information or knowledge to admit or deny the allegation concerning Trump's hiring and paying an attorney.  Denied that Dagostino is responsible for Trump's attorneys' fees.

WHEREFORE, Defendant, Dagostino, respectfully requests that this Court enter

3

judgment in his favor and against Plaintiff/Counter-Defendant, Trump, in the action on guaranty, pre-judgment and post-judgment interest and attorneys' fees and costs, and award Dagostino such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant, SimDag's, alleged failure to perform is excused under Florida law.

### SECOND DEFENSE

Plaintiff's claim on the guaranty against Dagostino is not ripe.

### THIRD DEFENSE

Plaintiff is estopped from pursuing a claim because he has not complied with the Agreement's terms, conditions and provisions.

### FOURTH DEFENSE

Plaintiff has waived his right to any claim by failing to comply with the Agreement's terms, conditions and provisions.

### FIFTH DEFENSE

Plaintiff has breached the agreement and therefore, Defendants have no obligation to perform under their respective agreements.

## SIMDAG/ROBEL, LLC AND FRANK DAGOSTINO'S COUNTERCLAIM

Defendants/Counter-Plaintiffs, SIMDAG/ROBEL, LLC and FRANK DAGOSTINO, hereby sue Plaintiff/Counter-Defendant, DONALD J. TRUMP, and alleges as follows:

### GENERAL ALLEGATIONS

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FORT LAUDERDALE, FL  33312-6525
TELEPHONE (954) 987-7550

2.      Defendant/Counter-Plaintiff, SIMDAG/ROBEL, LLC ("SimDag"), is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

3.      Defendant/Counter-Plaintiff, FRANK DAGOSTINO ("Dagostino"), is a citizen of Florida.

4.      Upon information and belief, Plaintiff/Counter-Defendant, DONALD J. TRUMP ("Trump") is a citizen of New York State.

5.      The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

7.      On or about October 27, 2004, Trump, as licensor, and SimDag, as licensee, entered into a License Agreement (the "License Agreement").  A copy of the Agreement is attached hereto as Exhibit A.  At or around the same time, Dagostino, executed a Guaranty related to the License Agreement and that refers to the License Agreement.  A copy of the Guaranty is attached hereto as Exhibit B.  Taken together these documents form the parties' agreement.

8.      The License Agreement provides, *inter alia,* that the parties will not, under any circumstances, disclose the existence of the License Agreement or its terms to any persons other than affiliated persons.

9.      Notwithstanding the above prohibition, Trump publicly announced the existence of the License Agreement and its terms in a press conference.

10.      Trump has breached the License Agreement.

11.      SimDag and Dagostino have been damaged as a result of Trump's breach of the License Agreement.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FORT LAUDERDALE, FL  33312-6525
TELEPHONE (954) 987-7550

12.     SimDag and Dagostino have performed all conditions precedent to the bringing of this action or said conditions have occurred or been waived.

13.     SimDag and Dagostino have retained the undersigned counsel and are obligated to pay said counsel a reasonable attorneys' fee for its services.

WHEREFORE, Defendants/Counter-Plaintiffs, SimDag and Dagostino, demand judgment against Plaintiff/Counter-Defendant, Trump, damages, along with interest and costs of this action, including attorneys' fees, and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing is being served on all counsel of record through the CM/ECF system.

Respectfully submitted,

**Becker & Poliakoff, P.A.**
Attorneys for Defendant,
SIMDAG/ROBEL, LLC
3111 Stirling Road
Fort Lauderdale, FL 33312
Telephone 954-985-4133
Facsimile 954-985-4176
E:-mail: *alevine@becker-poliakoff.com*

By: ___s/Allen Levine_____
        Allen Levine, Esq.
        Florida Bar No. 315419

FTL_DB: 1070561_1

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FORT LAUDERDALE, FL  33312-6525
TELEPHONE (954) 987-7550