UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD J. TRUMP,

    Plaintiff,

vs.                                            Case No. 8:07-CV-00910-T-27TBM

SIMDAG/ROBEL, LLC, a Florida limited
liability company; FRANK DAGOSTINO;
HOWARD HOWELL; ROBERT LYONS;
PATRICK SHEPPARD; and JODY SIMON,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, HOWARD HOWELL (hereinafter "Howell"), by and through his undersigned attorneys hereby files this Answer and Affirmative Defenses and states as to each separate allegation:

### General Allegations

1.    This Court has jurisdiction over Trump's claims pursuant to 28 U.S.C. § 1332.

**ANSWER: Defendant Howell is without knowledge and therefore denies the allegation of Paragraph 1.**

2.    Trump is a citizen of the State of New York and is not a citizen of the State of Florida. Defendant Simdag is a limited liability company organized and existing under the laws of the State of Florida. Defendants Dagostino, Howell, Lyons, Sheppard, and Simon are citizens of the State of Florida and are not citizens of the State of New York. Accordingly, there is complete diversity among the parties.

**ANSWER:** **Defendant Howell admits that he is a citizen of the state of Florida. Defendant Howell is without knowledge and therefore denies the remaining allegations of Paragraph 2.**

3.  The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

**ANSWER:** **Defendant Howell admits the allegations of Paragraph 3 for jurisdictional purposes only. Defendant Howell denies the remaining allegations of Paragraph 3.**

4.  Venue is proper in this Court pursuant to 28 USC § 1391(a).

**ANSWER:** **Defendant Howell is without knowledge and therefore denies the allegations of Paragraph 4.**

5.  On October 27, 2004, Trump and Simdag entered into a License Agreement ("the Original Agreement"). A copy of the Original Agreement is attached hereto as Exhibit A.

**ANSWER:** **Defendant Howell admits that the document speaks for itself. Defendant Howell denies the remaining allegations of Paragraph 5.**

6.  On March 31, 2006, Trump and Simdag entered into an amendment to the Agreement ("the Amendment"). A copy of the Amendment is attached hereto as Exhibit B.

**ANSWER:** **Defendant Howell is without knowledge and therefore denies the allegations of Paragraph 6.**

7.  Pursuant to the Agreement, Trump agreed to grant to Simdag an exclusive license in, and right to use, Trump's registered trademark "Trump Tower Tampa" in accordance with, and subject to, the terms of the Agreement.

**ANSWER:   Defendant Howell admits that the document speaks for itself. Defendant Howell denies the remaining allegations of Paragraph 7.**

8.   Simdag intended to use the "Trump Tower Tampa" trademark to promote (a) its development of a first class, luxury residential condominium building in Hillsborough County, Florida ("the Building"), and (b) its sale of residential and retail and/or commercial condominium units located within the Building. Accordingly, at all times material to this action, Trump relied on Simdag to undertake and maintain sole and exclusive responsibility for all actions appropriate and necessary to comply with Simdag's obligations under the Agreement and for the construction of the Building, including, but not limited to:

    a.   design, construction, and equipment of the Building;

    b.   obtaining all necessary licenses and permits for construction and occupancy;

    c.   preparing and obtaining approval of the Offering Circular and HUD filings;

    d.   advertising and promotion;

    e.   marketing and sales;

    f.   solicitation of purchase contracts;

    g.   accepting prospective purchasers' deposits and placing those deposits in escrow;

    h.   obtaining necessary financing; and

    i.   identifying and entering into appropriate contracts with suppliers, vendors, contractors, and other parties to provide necessary materials and services.

**ANSWER: Defendant Howell denies the allegations of Paragraph 8.**

9. In exchange for receiving an exclusive license in, and right to use, the "Trump Tower Tampa" trademark, and consistent with the matters described above for which Simdag was responsible, Simdag obligated itself within the Agreement, among other things:

    a. to begin construction of the Building within eighteen (18) months from the date of the Agreement (or, that is, by April 27, 2006);

    b. to close title to, or otherwise obtain bona fide purchase contracts for, seventy percent (70%) of the residential condominium units of the Building within thirty (30) months from the date of the Agreement (or, that is, by April 27, 2007);

    c. to pay to Trump a License Fee of $2,840,000.00 in twenty-two (22) consecutive monthly installments of $129,091.00, in each case to be paid on the first day of each month, commencing on April 1, 2006; and

    d. to pay to Trump an additional license fee equal to fifty percent (50%) of the "Net Sales Profit" as defined under paragraph 2 of the Amendment.

**ANSWER: Defendant Howell admits the document speaks for itself. Defendant Howell denies the remaining allegations of Paragraph 9.**

10. Trump fully performed his obligations under the Agreement. However, despite Simdag's several responsibilities as described above, and despite Simdag's repeated assurances to Trump, and to Trump's representatives, that Simdag was fully able to comply with all of its obligations and responsibilities, both under the Agreement and otherwise with respect to the

construction of the Building, Simdag failed and refused to comply with those obligations and responsibilities, and thereby breached the Agreement.

**ANSWER: Defendant Howell denies the allegations of Paragraph 10.**

11.     All conditions precedent to the filing of this action have been performed, waived, or excused.

**ANSWER: Defendant Howell denies the allegations of Paragraph 11.**

## Count I
## Breach of Contract

12.     Trump realleges and incorporates by reference the allegations set forth in paragraphs 1 through 11 as if fully set forth herein.

**ANSWER:  Defendant Howell re-alleges and incorporates by reference his responses to paragraphs 1 through 11 as if set out in full herein.**

13.     This is an action for breach of contract against Simdag.

**ANSWER:  Defendant Howell denies the allegations in Paragraph 13 as the allegations are against Defendant Simdag.**

14.     Simdag failed to commence construction of the Building by April 27, 2006, as required by paragraph 6(g) of the Agreement.

**ANSWER:  Defendant Howell is without knowledge and therefore denies the allegations in Paragraph 14.**

15.     Simdag failed to close title to, or otherwise obtain bona fide purchase contracts for, seventy percent (70%) of the residential condominium units of the Building by April 27, 2007, as required by paragraph 6(i) of the Agreement.

**ANSWER: Defendant Howell is without complete knowledge and therefore denies the allegations in Paragraph 15.**

16. Simdag failed to pay to Trump the monthly installments of the License Fee for the months of October 2006 to and including May 2007, as required by paragraph 1(b) of the Amendment. Accordingly, Simdag presently owes Trump a minimum of $1,032,776.00 under the Agreement.

**ANSWER: Defendant Howell is without complete knowledge and therefore denies the allegations in Paragraph 16.**

17. In addition, Simdag's failure to comply with its obligations under the Agreement has breached Simdag's obligation to pay to Trump the Additional License Fees called for by the Agreement.

**ANSWER: Defendant Howell is without knowledge and therefore denies the allegations in Paragraph 17.**

18. Simdag's failure to fulfill the foregoing obligations under the Agreement constitutes a material breach of the Agreement.

**ANSWER: Defendant Howell is without knowledge and therefore denies the allegations in Paragraph 18.**

19. Accordingly, on April 16, 2007 Trump sent a letter to Simdag, advising Simdag that it was in breach of the Agreement and demanding that Simdag cure its breach within 30 days from the date of the letter ("the Default Notice Letter"). A copy of the Default Notice Letter is attached hereto as Exhibit C.

**ANSWER: Defendant Howell is without knowledge and therefore denies the allegations in Paragraph 19.**

20. To date, Simdag has failed to take any action to cure the defaults described in the Default Notice Letter, and in fact failed to respond in any manner to the Default Notice Letter.

**ANSWER:   Defendant Howell is without knowledge and therefore denies the allegations in Paragraph 20.**

21.   Accordingly, on May 17, 2007, Trump sent a second letter to Simdag, terminating the Agreement ("the Termination Letter") pursuant to paragraph 6 of the Agreement. A copy of the Termination Letter is attached hereto as Exhibit D.

**ANSWER:   Defendant Howell is without knowledge and therefore denies the allegations in Paragraph 21.**

22.   As a direct and proximate result of Simdag's breach of the Agreement, Trump has suffered damages.

**ANSWER: Defendant Howell denies the allegations of Paragraph 22.**

23.   Trump has retained the services of the undersigned attorneys to prosecute the claims asserted in this Complaint, and is therefore obligated to pay the undersigned a reasonable fee for their services. Pursuant to paragraph 9(a) of the Agreement, Simdag is responsible for all attorneys' fees incurred by Trump in the prosecution of this action.

**ANSWER:   Defendant Howell denies the allegations of Paragraph 23 as the allegations contained therein are against Simdag.**

### Count II
### Action on Guaranty

24.   Trump realleges and incorporates by reference the allegations set forth in paragraphs 1 through 11, and 14 through 22 as if fully set forth herein.

**ANSWER:   Defendant Howell re-alleges and incorporates by reference his responses to Paragraphs 1 through 11 and 14 through 22 as if fully set forth herein.**

25.   On October 27, 2004, Dagostino, Howell, Lyons, Sheppard, and Simon (collectively, "the Guarantors") executed a Guaranty, in which the Guarantors agreed

unconditionally and irrevocably to guarantee to Trump the full and prompt performance, observance, and payment of all of Simdag's obligations under the Agreement, monetary and nonmonetary, including, without limitation, the full and prompt payment of the License Fee payable by Simdag under the Agreement. A copy of the Guaranty is attached hereto as Exhibit E.

**ANSWER: Defendant Howell admits that the document speaks for itself. Defendant Howell denies the remaining allegations of Paragraph 25.**

26. As more particularly set forth hereinabove, Simdag has failed to perform its obligations under the Agreement.

**ANSWER: Defendant Howell is without complete knowledge and therefore denies the allegations in Paragraph 26.**

27. Thus, as a result of Simdag's default, and pursuant to the terms of the Guaranty, the Guarantors are liable to Trump for payment of all amounts due to Trump by Simdag under the Agreement, together with interest, attorneys' fees, and all additional damages allowed by same.

**ANSWER: Defendant Howell denies the allegations of Paragraph 27.**

28. Trump has retained the services of the undersigned attorneys to prosecute the claims asserted in this Complaint, and is therefore obligated to pay the undersigned a reasonable fee for their services. Pursuant to paragraph 14 of the Guaranty, the Guarantors are responsible to pay attorneys' fees incurred by Trump in this action upon the Guaranty.

**ANSWER: Defendant Howell is without knowledge and therefore denies the allegations in Paragraph 28.**

WHEREFORE, Defendant HOWARD HOWELL respectfully requests this Court enter Judgment in his favor and against Plaintiff Donald Trump, pre-judgment and post-judgment interest in attorney's fees and costs, and award Defendant Howard Howell such other further relief as this court deems just a proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant Howard Howell's alleged failure to perform is excused under Florida law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim on the guaranty against Defendant Howard Howell is not ripe.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing a claim because he has not complied with the Agreements terms, conditions and provisions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to any claim by failing to comply with the Agreements terms, conditions and provisions.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to any claim by materially changing the terms of the License Agreement without the agreement of Defendant Howard Howell.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has breached the Agreement and therefore Defendant Howard Howell has no obligation to perform under the Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

The terms and provisions of the Amendment to the original Agreement did not receive the approval of Defendant Howard Howell as a guarantor and therefore Defendant Howard Howell is released from the terms of the guaranty.

RESPECTFULLY SUBMITTED this 27th day of August, 2008

_____
Jeffrey W. Gibson, Esq.
Florida Bar No. 0568074
MACFARLANE FERGUSON & MCMULLEN
625 Court Street, Suite 200
Clearwater, FL 33756
(727) 441-8966
(727) 442-8470 (facsimile)
jg@macfar.com
Attorneys for Defendant, Howard Howell

## Certificate of Service

I HEREBY CERTIFY that on the 27th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF systems, which will send a notice of electronic filing to the following:

| | | | |
|---|---|---|---|
| Christopher Lee Griffin, Esq. | Allen M. Levine, Esq. | Wanda Golson, Esq. | Karen Schmid Cox, Esq. |
| Lauren Lisette Valiente, Esq. | Becker & Poliakoff, PA | Stitchter, Riedel | Buss Ross, PA |
| Foley & Lardner, LLP | Emerald Lake Corp Pk | Blain & Prosser, PA | 1801 N. Highland Ave. |
| 100 N. Tampa St., Ste 2700 | 3111 Stirling Road | 110 E. Madison St., Ste. 200 | P.O. Box 3913 |
| P.O. Box 3391 | Ft. Lauderdale, FL 33312 | Tampa, FL 33602 | Tampa, FL 33601-3913 |
| Tampa, FL 33601-3391 | alevine@becker-poliakoff.com | Wgolson.ecf@srbp.com | kcox@bushross.com |
| cgriffin@foley.com | | | |
| lvaliente@foley.com | | | |

_____
Jeffrey W. Gibson, Esq.
Attorney for Defendant Howard Howell